JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 24-09994-MWF (AGRx)** **Date: January 21, 2026**

Title: Ronghui Li v. Merrick B. Garland et al

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION; ENTRY OF JUDGMENT

On November 19, 2024, Plaintiff Ronghui Li filed a Complaint alleging that USCIS unlawfully delayed in adjudicating Plaintiff's pending asylum application. (Docket No. 1). The Court then stayed this action pursuant to the parties' stipulation pending adjudication of the asylum application. (Docket No. 14). On December 22, 2025, Defendants unilaterally filed a notice stating that this action is now moot because, on September 9, 2025, USCIS adjudicated Plaintiff's asylum application. (Docket No. 15). Defendants submit a declaration supporting the notice. (Docket No. 15-1).

On January 7, 2026, the Court reopened the case and ordered Plaintiff to show cause in writing why this action should not be dismissed as moot by January 16, 2026. (the "OSC" (Docket No. 16)). Plaintiff did not file a timely response.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co*., 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 24-09994-MWF (AGRx)** **Date: January 21, 2026**

Title: Ronghui Li v. Merrick B. Garland et al

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted here because Plaintiff failed to comply with the OSC. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The Court also warned Plaintiff that failure to file a response to the OSC would result in dismissal. (OSC at 2).

Accordingly, this action is **DISMISSED *without prejudice***.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.